In the Matter of LOUIS SMADBECK, JR., et al., Petitioners, *v.* STATE TAX COMMISSION, Respondent.

Third Department, November 16, 1972.

*Seward & Kissel (Eugene P. Souther* and *James C. Quigley* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Vincent P. Molineaux* of counsel), for respondent.

STALEY, JR., J. P.   This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' applications for revision or refund of corporation franchise taxes paid for the years 1961 and 1962.

On June 8, 1961 the Benson Iron Ore Corporation, a New York corporation, was liquidated and all its assets, other than a parcel of real property and some receivables under a lease of that real property, were distributed to the stockholders. The real property consists of approximately 3,000 acres of land in St. Lawrence County, New York, containing deposits of low grade iron ore. The property is under lease to Jones & Laughlin Steel Corporation for a term expiring in 1991, but terminable at the option of the lessee upon 90 days' notice. On June 8, 1961 the Benson Iron Ore Trust was created by a declaration of trust, and title to the real property was transferred to trustees to hold until the expiration or termination of the lease or until earlier termination of the trust. The trustees were authorized to collect the rents, pay all expenses and distribute the net proceeds to the trust beneficiaries whose interests are represented by transferable certificates. The number of units of beneficial interest issued by the trust is 260,263 held by 125 holders of record which are the same as the last holders of record of shares of Benson Iron Ore Corporation which the trust replaced.

Petitioners filed corporation franchise tax reports for the trust for the period June 8, 1961 through December 31, 1961 and for the calendar year 1962. The income reported for 1961 was $368,427.54 and the expenses were $50,507.82, and for 1962 the income reported was $476,279.36 with expenses of $59,496.13. Petitioners thereafter filed applications for refund of the taxes paid for 1961 and 1962, which applications were denied by the State Tax Commission, which determined that the trust was subject to tax as a business corporation under the provisions of sections 208 and 209 of the Tax Law, since interest in the trust was evidenced by certificates, and it was doing business by virtue of its ownership of real property located in New York.

Subdivision 1 of section 208 of the Tax Law provides: " The term ' corporation ' includes a joint-stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by certificate or other written instrument ".

Subdivision 2 of section 209 of the Tax Law provides: " 2. The holding of real property in this state shall be deemed to be doing business in this state within the meaning of this article."

Petitioners concede that the interest or ownership of the trust is evidenced by certificates. However, petitioners contend that the activities of the trust do not constitute doing business within

the State, and that the ownership of real property within the State does not constitute doing business by the trust, since such statutory provision applies only to foreign corporations.

The language of section 209, in effect for the years 1961 and 1962, is clear and explicit and makes the holding of real property within the State the equivalent of doing business for franchise purposes. The fact that prior to 1938 section 209 read that " The holding of real property in this state by a foreign corporation shall be deemed to be doing business in this state " does not restrict the meaning of section 209 as it existed in 1961 and 1962 to foreign corporations, but rather the amendment to that section eliminating the words " by a foreign corporation " is indicative of the Legislature's intent to include all corporations and entities taxable as corporations within the statutory definition of doing business in the State. The trust was properly found to be taxable as a corporation under article 9-A of the Tax Law.

Petitioners further contend that, even if the trust was subject to the franchise tax, the computation of the tax should not be measured by income because the trust had no " entire net income " for the purposes of section 210 of the Tax Law. The contention is based on a ruling of the United States Treasury Department that the trust was not subject to tax on income. However, this ruling was based on the fact that, since the trust was revocable by the grantor beneficiaries, it was, therefore, revocable within the meaning of section 676 of the Internal Revenue Code of 1954, and the trust should, therefore, be disregarded for Federal income tax purposes.

Subdivision 9 of section 208 of the Tax Law defines " entire net income " as the net income for all sources, " which shall be presumably the same as entire taxable income which the taxpayer is required to report to the United States treasury department ". The regulations of the New York State Tax Commission provide that Federal taxable income is the starting point in the computation of entire net income which means taxable income as defined in section 63 of the Internal Revenue Code. (20 NYCRR 3.11 [b].) Section 63 provides that the term " taxable income " means gross income, minus tax deductions allowed, other than the standard deduction.

Petitioners receive annually the items of income which would constitute " taxable income " under section 63 of the Internal Revenue Code. The trust is exempt from Federal taxation not because its income is not the kind which comes under section

63 of the Internal Revnue Code, but because it has been granted an exemption under section 676 of the code. The New York Tax Law does not provide a similar exemption, and the determination that the trust is taxable as a corpoartion should be upheld.

The determination should be confirmed, with costs, and petition dismissed.

KANE, J. (dissenting). Concededly the singular reason for taxing the trustees was the ownership of real property by the trust within this State. The definition of "corporation" includes "any business conducted by a trustee or trustees" (Tax Law, § 208, subd. 1). Mere investment of funds and the collection of income with incidental replacement of securities do not constitute conducting a business (*Matter of Burrell v. Lynch,* 274 App. Div. 347), but an investment trust whose shares were sold to the public, involving heavy trading in securities, was subject to the franchise tax (*Matter of City Bank Farmers Trust Co. v. Graves,* 272 N. Y. 1). These holdings are consistent with the definition of "doing business" adopted by the commission as including "all activities which occupy the time and labor of men for profit" (20 NYCRR 1.6). It is not maintained that petitioner was engaged in business activity and, therefore, without a strict reliance on subdivision 2 of section 209 of the Tax Law, the determination of the commission would have no basis in fact or law. Subdivision 2 of section 209, as it read in 1961, provided in part: "The holding of real property in this state shall be deemed to be doing business in this state within the meaning of this article." The legislative history of this section demonstrates that it was solely concerned with taxation of foreign corporations[1], a conclusion which must still prevail. A domestic corporation is subject to the tax regardless of whether it does business or owns real property (58 N. Y. Jur., Taxation, § 336).

Consideration must also be given to the fact that the United States Treasury Department ruled that the subject trust was not taxable as a corporation for Federal income tax purposes because no business was conducted and the trust was revocable. This ruling was made in advance of the trust creation, and the contrary ruling subsequently made by the commission caused a

---

1. Prior to 1938, section 209 read "The holding of real property in this state by a foreign corporation shall be deemed to be doing business in this state" (cf. L. 1937, ch. 905 with L. 1938, ch. 541). Presently section 209 contains no reference to the holding of real property in this State (L. 1969, ch. 1072).

digression from this State's policy of conformity with Federal tax standards[2].

In addition, the very terms of the trust agreement (which the adherence to is not in issue) prohibit engaging in any business or accumulating or investing income. The trustees had no employees, maintained no office, and had trust meetings about four times a year. The lease which the trust took the title subject to was totally binding on the trustees who had no power or authority to enter further leases nor to sell all or part of the property during the life of the trust. Truly the collection of rents and distribution of the net income (and the maintenance of bank accounts for expenses) was purely a ministerial function requiring absolutely no discretion and did not constitute the conduct of a business.

Accordingly, the determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT and SWEENEY, JJ., concur with STALEY, JR., J. P.; KANE and REYNOLDS, JJ., dissent and vote to annul the determination and remit the matter for further proceedings in an opinion by KANE, J.

Determination confirmed, with costs, and petition dismissed.

---

2. See subdivision 5 of section 209 (L. 1971, ch. 1199) as to real estate investment trusts incorporates all relevant provisions of the Internal Revenue Code, with some modifications, taxing only those trusts subject to Federal taxation.