■ In the Matter of P. GERALD DE SIMONE, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the STATE TAX COMMISSION, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained a deficiency assessment against petitioner for unincorporated business taxes for the years 1968, 1969 and 1972. By contractual agreement during 1967, the petitioner undertook to conduct a general agency for the State Mutual Life Assurance Company of America. He agreed to devote his full working time and act exclusively for the company in conducting a general agency for the solicitation of applications for individual life insurance, health insurance, annuities and group insurance. His primary responsibility was to recruit, license, train and supervise sales representatives known as "career agents". As general agent, petitioner furnished sales representatives with office space and secretarial help and paid a portion of the office rental, electricity and telephone bills. He obtained overrides on the commissions earned by the career agents and received a percentage from State Mutual for reimbursement of expenses incurred in the operation of his agency. He was provided with substantial additional overrides on the sales earned by the career agents for the first 18 months of their career. Petitioner concedes that his income as a general agent was subject to the unincorporated business tax and we need consider this aspect no further. Petitioner alleges, however, that he executed a contract between himself as general agent and himself as career agent and thus became an employee insofar as his income as a career agent was concerned. The agreement did provide, however, that "Nothing

contained herein shall be construed to create the relationship of employer and employee between the Company and the Agent or between the General Agent and the Agent", and further indicated that the career agent "shall be free to exercise his own judgment as to persons from whom he will solicit applications and as to the time, place and manner of solicitations" (agreement, § 3, dated July 1, 1967). Petitioner urges that his activities as a career agent constituted employment within the meaning of subdivision (b) of section 703 of the Tax Law. In such instances, it is the degree of control and direction exercised by the employer that determines whether the taxpayer is an employee (Matter of Liberman v Gallman, 41 NY2d 774). The record on the question of supervision and control is somewhat conclusory and there is no proof that the company exercised general and particular supervision over petitioner's sales routines so as to consider him an employee (Matter of Minkin v State Tax Comm., 60 AD2d 420). For example, State Mutual failed to withhold any Federal or State income taxes from the petitioner's compensation (Matter of Liberman v Gallman, supra). In sustaining the assessment, the Tax Commission held that the "petitioner's income under his career agent's contract cannot be considered to be the income of an employee so long as the alleged contract was not with another individual. A person cannot be his own employee." Such a determination is not irrational or arbitrary and finds support in subdivision (b) of section 703 of the Tax Law. The petitioner as a general agent obtained override commissions on insurance policies written by himself as career agent and certain expense reimbursement from State Mutual for conducting the general agency was contingent upon the productivity of the career agents employed by the petitioner, one of whom was himself. With such facts, the Tax Commission could reasonably have determined that the petitioner's contract of employment with himself was a matter of form to avoid the unincorporated business tax. During the taxable years in question petitioner received substantial sums in the form of renewal commissions on policies written in prior years, both as a career agent of State Mutual and as an independent representative of other companies. The Tax Commission held that the petitioner's renewal commissions on policies written in prior years "would be taxable to the extent that the original commissions were taxable in the prior years" and further held that the petitioner had failed to produce evidence showing that the original insurance commissions were not subject to the unincorporated business tax. The fact that the petitioner wrote policies and drew commissions from several different insurance companies affirms the view that he was engaged in his own unincorporated business during this time. We find that determination by the Tax Commission to be reasonable (Matter of Cohen v Gallman, 48 AD2d 754). Petitioner performed no services to obtain a renewal of commissions and, in effect, they represented deferred compensation for sales consummated while the petitioner was in business for himself, and therefore come within the definition of unincorporated business gross income (20 NYCRR 205.1 [c]). Petitioner received $7,400 in consulting fees from unspecified sources in 1968 and in 1969 received $8,000 in consulting fees from Dero Research and Development Company. Receiving fees for advising management as to its business or industrial affairs is a "trade, business or occupation" within the meaning of subdivision (a) of section 703 of the Tax Law, and is thus taxable in the manner herein determined by the Tax Commission. Prior to becoming a general agent for State Mutual in 1967, petitioner had been licensed as a security salesman and owned a 50% interest in a securities firm. Because he was required to devote full time to State Mutual's business, he ceased to

play an active role in the securities business and turned his clients over to associates in the securities firm, who agreed to split with him the commissions on the sales of securities made through petitioner's former clients. Petitioner received income in the years in question from his 50% share of those securities commissions. Petitioner contends in this respect that he did not exercise any active role in producing the income and, therefore, was not conducting a business (see *Matter of Smadbeck v State Tax Comm.,* 40 AD2d 78, 81 [Kane, J., dissenting]). While petitioner was no longer carrying on the business of the securities firm, the commissions received were part of the taxable income of that firm. The securities firm was an active business subject to the unincorporated business tax (Tax Law, § 701, subd [a]). Accordingly, the commission's determination with respect to the securities commissions should be sustained. Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.